UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LEON SCOTT,

                        Plaintiff,

            -against-

CHRISTOPHER ATKINS, et al.,

                        Defendants.

---

25-CV-8223 (JGLC)

ORDER OF SERVICE

JESSICA G. L. CLARKE, United States District Judge:

Plaintiff is incarcerated at Washington Correctional Facility serving a sentence unrelated to his claims in this action. Plaintiff's second amended complaint ("SAC"), filed on February 18, 2026, is the operative pleading. In the SAC, Plaintiff brings claims, under 42 U.S.C. § 1983, for alleged violations of his constitutional rights, and the SAC can be liberally construed as also asserting state law claims. By order dated October 9, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1]

## DISCUSSION

**A.      Service on Named Defendants**

Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to rely on assistance from the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

To allow Plaintiff to effect service on Defendants Edward Reiser, Brad Condlin, Harry Kerry, and Christopher Atkins through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

Plaintiff must notify the Court in writing if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**B.     NYS Trooper John Doe**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit the New York State Police to identify New York State Trooper "John Doe," who was present for Plaintiff's traffic stop, search, and arrest at approximately 7:00

2

p.m., on May 14, 2024, at North Clinton and Cottage Streets in Poughkeepsie. It is therefore ordered that the New York State Attorney General, which is the attorney for and agent of the New York State Police, must ascertain the identity and badge number of New York State Trooper John Doe, whom Plaintiff seeks to sue here, and the address where this defendant may be served. The New York State Attorney General must provide this information to Plaintiff and the Court within sixty days of the date of this order.

Within thirty days of receiving this information, Plaintiff must file a third amended complaint ("TAC") naming the John Doe defendant. The TAC will replace, not supplement, the SAC. A TAC form for Plaintiff to complete after receiving this information is attached to this order. Once Plaintiff has filed the TAC, the Court will screen the TAC and, if necessary, issue an order directing the Clerk of Court to complete the USM-285 form with the address for the named John Doe Defendant and deliver to the U.S. Marshals Service all documents necessary to effect service.

## CONCLUSION

The Clerk of Court is directed to mail an information package to Plaintiff.

The Clerk of Court is instructed to issue summonses for Defendants Edward Reiser, Brad Condlin, Harry Kerry, and Christopher Atkins, complete the USM-285 forms with the addresses for these defendants, and deliver to the U.S. Marshals Service all documents necessary to effect service. The Clerk of Court is further directed to mail a copy of this order and the complaint to the New York State Attorney General at: 28 Liberty St, New York, NY 10005.

SO ORDERED.

Dated:    May 29, 2026
          White Plains, New York

_____
JESSICA G. L. CLARKE
United States District Judge

3

**SERVICE ADDRESS FOR EACH DEFENDANT**

1.    Edward Reiser
       New York State Police, Troop K Headquarters
       2541 State Route 44
       Salt Point, NY 12578

2.    Brad Condlin
       New York State Police, Troop K Headquarters
       2541 State Route 44
       Salt Point, NY 12578

3.    Harry Kerry
       New York State Police, Troop K Headquarters
       2541 State Route 44
       Salt Point, NY 12578

4.    Christopher Atkins
       New York State Police, Troop K Headquarters
       2541 State Route 44
       Salt Point, NY 12578