UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
LEON SCOTT,

Plaintiff,

-against-

N.Y.S. TROOPER EDWARD REISER (Individual Capacity), N.Y.S. TROOPER RYAN GASPARIE (Individual Capacity), N.Y.S.TROOPER BRAD CONDLIN (Individual Capacity), N.Y.S.TROOPER HARRY KERRY (Individual Capacity), and N.Y.S. TROOPER CHRISTOPHER ATKINS (Individual Capacity),

Defendants.
-----------------------------------------------------------x

**SECOND ORDER OF SERVICE**

25 Civ. 8223 (JGLC) (AEK)

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

On August 5, 2026, the Court granted Plaintiff permission to file a Third Amended Complaint to name N.Y.S. Trooper Ryan Gasparie as a defendant in lieu of the John Doe Defendant, ECF No. 21; the Third Amended Complaint has been docketed at ECF No. 22. The Court also ordered Assistant Attorney General Neil Shevlin to inform the Court whether he would accept service of the summonses and second amended complaint on behalf of Defendants Reiser, Condlin, and Kerry, and whether he was representing Defendant Atkins. ECF No. 23.

In response, Mr. Shevlin filed a letter in which he stated that the Office of the Attorney General "does represent" Defendants Reiser, Condlin, and Kerry and "is prepared to accept service of any amended complaint on their behalf." ECF No. 24 at 1.[1] He added, however, that

[1] Mr. Shevlin also acknowledged that Defendants Reiser, Condlin, and Kerry had been served with summonses and the second amended complaint. ECF No. 24 at 1. Accordingly, nothing further is required to make Defendants Reiser, Condlin, and Kerry aware of the Third Amended Complaint, as their attorney, Mr. Shevlin, has received it on their behalf already via the Court's electronic case filing ("ECF") system.

there was no record of any New York State Police employee named "Christopher Atkins," and surmised that when Plaintiff named "Christopher Atkins" as a defendant, he probably intended to name "Christopher Atkinson" instead.[2] *Id.* at 1-2. Indeed, the name Christopher Atkinson is listed on the "New York State Police Receipt" included at page 14 of the Third Amended Complaint, *see* ECF No. 22 at 14, and Plaintiff's letter to Dutchess County District Attorney William V. Grady,[3] included at page 15 of the Third Amended Complaint, also refers to Trooper Atkinson, *see id.* at 15. The Court will therefore treat the Third Amended Complaint as though Plaintiff had named Christopher Atkinson as a defendant, even though he incorrectly identified Atkinson as "Christopher Atkins." As to Defendant Atkinson, however, Mr. Shevlin stated that the Office of the Attorney General could not accept service, and he instead provided an address for service on this defendant. *See* ECF No. 24 at 2.

Because Plaintiff has been granted permission to proceed *in forma pauperis*, ECF No. 5, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013). To allow Plaintiff to effect service on Defendants Gasparie and Atkinson through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for both of these defendants. Defendant Gasparie may receive service at the following address:

Investigator Ryan Gasparie, Badge #1910
SP Manhattan
36 Thomas Street
New York, New York 10007

[2] Mr. Shevlin's recitation of his communication with Plaintiff regarding this issue is consistent with the conclusion that Plaintiff intended to name Christopher Atkinson. *See* ECF No. 24 at 1-2.

[3] The Court notes that Mr. Grady was no longer the District Attorney at the time Plaintiff wrote this letter—the current Dutchess County District Attorney is Anthony Parisi.

Defendant Atkinson may receive service at the following address:

Christopher D. Atkinson, Trooper
New York State Police
SP Hawthorne
200 Brandhurst Avenue
Hawthorne, NY 10532

The Clerk of Court is instructed to issue summonses for Defendants Gasparie and Atkinson, complete the USM-285 form with the addresses for Defendants Gasparie and Atkinson, and deliver to the U.S. Marshals Service all the paperwork necessary for the U.S. Marshals Service to effect service upon Defendants Gasparie and Atkinson. If the Third Amended Complaint is not served within 90 days after the date the summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012).

So that this matter can proceed in an orderly and efficient fashion, it is the Court's intention for all defendants to have the same deadline to answer or otherwise respond to the Third Amended Complaint. Accordingly, the deadline for Defendants Reiser, Condlin, and Kerry to answer or otherwise respond to the Third Amended Complaint is hereby extended until **November 2, 2026**. The deadline for Defendants Gasparie and Atkinson to answer or otherwise respond to the Third Amended Complaint will depend on when they are served. The Court will be receptive to further applications from defense counsel to coordinate the response deadlines, if necessary.

Finally, if at some point Mr. Shevlin is authorized to represent Defendant Gasparie and/or Defendant Atkinson, he must promptly file a notice of appearance on the docket. If that happens and there is no document on the docket confirming that Defendant Gasparie and/or Defendant Atkinson has been served, Mr. Shevlin is hereby directed to submit a letter to the Court

confirming that the Third Amended Complaint has been served on either or both of those defendants.

The Clerk of Court also is directed to mail a copy of this Order to the *pro se* Plaintiff.

Dated: August 12, 2026
White Plains, New York

**SO ORDERED.**

ANDREW E. KRAUSE
United States Magistrate Judge