UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LEON SCOTT,

Plaintiff,

-against-

N.Y.S. TROOPER EDWARD REISER (Individual Capacity), N.Y.S. TROOPER RYAN GASPARIE (Individual Capacity), N.Y.S.TROOPER BRAD CONDLIN (Individual Capacity), N.Y.S.TROOPER HARRY KERRY (Individual Capacity), and N.Y.S. TROOPER CHRISTOPHER ATKINSON (Individual Capacity),

Defendants.

**ORDER**

25 Civ. 8223 (JGLC) (AEK)

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

Plaintiff has filed a letter seeking the appointment of *pro bono* counsel. *See* ECF No. 27. In deciding an application for the appointment of *pro bono* counsel, the Court considers the factors set forth in *Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986), which provides the standard that courts in this Circuit use to determine whether appointment of counsel in a civil matter is appropriate. Under this standard, a court must first determine "whether the indigent's position seems likely to be of substance." *Id.* at 61. If an application meets this threshold requirement, the district court must further consider the plaintiff's ability and efforts to obtain counsel, as well as "his [or her] ability to handle the case without assistance in [] light of the required factual investigation, the complexity of the legal issues, and the need for expertly conducted cross-examination to test veracity." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge*, 802 F.2d at 61-62.

Plaintiff has not satisfied the *Hodge* factors. First, the Court does not have a sufficient

basis to conclude at this point that Plaintiff's claims "ha[ve] substantial merit." *Garcia v. USICE (Dep't of Homeland Sec.)*, 669 F.3d 91, 98 (2d Cir. 2011). The Third Amended Complaint was only recently filed, not all defendants have been served, and none of the defendants have yet responded to the Third Amended Complaint. At this early stage of the litigation, the Court cannot conclude that Plaintiff has made a threshold showing that his claims have substantial merit.

Moreover, at this time, Plaintiff also does not satisfy the other factors enumerated in *Hodge*. The second *Hodge* factor concerns Plaintiff's ability and efforts to obtain counsel. Plaintiff has not shown that he has made any effort to retain *pro bono* counsel to represent him in this matter. In addition, Plaintiff fails to demonstrate his qualification under the third *Hodge* factor—an inability to handle the case without assistance. To the contrary, Plaintiff's submissions to the Court thus far do not suggest an inability to proceed in this matter without the assignment of counsel.

Accordingly, for the reasons stated above, Plaintiff's application for the appointment of *pro bono* counsel is DENIED WITHOUT PREJUDICE to renewal.

* * * * * *

In his letter, Plaintiff also has requested a copy of Judge Clarke's individual rules. The Court has included copies of those rules as an attachment to this order.

The Clerk of Court is respectfully directed to mail a copy of this order to the *pro se* Plaintiff.

Dated: August 21, 2026
White Plains, New York

**SO ORDERED.**

ANDREW E. KRAUSE
United States Magistrate Judge

JANUARY 2026

# INDIVIDUAL RULES AND PRACTICES IN CIVIL *PRO SE* CASES
**Jessica G. L. Clarke, United States District Judge**

***Pro Se* Office**
United States District Court
Southern District of New York
Charles L. Brieant Jr. Courthouse
300 Quarropas Street
White Plains, NY 10601-4150
(212) 805-0175

**Unless otherwise ordered by the Court, these Individual Rules apply to all civil cases involving *pro se* litigants (that is, litigants without counsel) before Judge Clarke. These Individual Rules supplement, but do not replace, the Court's Individual Rules and Practices in Civil Cases ("Individual Civil Rules"). For any case involving a *pro se* litigant where a rule in this document conflicts with the Court's Individual Civil Rules, litigants should follow the applicable rule in this document.**

1. **Communications with Chambers**

   a. **Telephone Calls by a *Pro Se* Party.** *Pro se* parties may not call the Court directly. Instead, *pro se* parties should call the *Pro Se* Office at (212) 805-0175 with any questions.

   b. **Written Communications by a *Pro Se* Party.** All communications with the Court by a *pro se* party should be in writing and delivered in person, mailed, or (as discussed in Section 2(b) below) emailed to the *Pro Se* Office (address listed above). **No documents or court filings may be sent directly to Chambers**. Unless the Court orders otherwise, all communications with the Court will be filed on the public docket.

   c. **Contact Information.** *Pro se* parties are required to maintain their current mailing address on the docket at all times and must notify the Court of any change of address by filing a change of address form with the *Pro Se* Intake Unit.

   d. **Communications by Parties Represented by Counsel.** Except as otherwise provided below, communications with the Court by a represented party shall be governed by Judge Clarke's Individual Civil Rules, available at https://www.nysd.uscourts.gov/hon-jessica-g-l-clarke.

   e. **Requests for Rescheduling a Conference or Extensions of Time.** All requests to reschedule a conference or extend a deadline must be made in writing and must state: (1) the original date(s) of the conference or deadline; (2) the reasons for the requested extension; (3) whether the other party or parties consent and, if not, the reasons given for refusing to consent; and (4) the date of the next

scheduled appearance before the Court as well as any other existing deadlines. Requests for extensions of deadlines regarding a matter that has been referred to a Magistrate Judge shall be addressed to that assigned Magistrate Judge.

Absent an emergency, any request for an extension or to reschedule a conference shall be made *at least 72 hours* prior to the deadline or scheduled appearance.

**2. Filing of Papers and Service**

a. **Consent to Receive Electronic Service.** To ensure timely service of documents, including Court Orders, non-incarcerated *pro se* parties are encouraged to consent to receive electronic service through the ECF System. To do so, a *pro se* party should review the instructions available at https://www.nysd.uscourts.gov/sites/default/files/2021-03/Consent_Pro-Se_Eservice-Instructions.pdf, and then submit a Consent to Electronic Service (available at https://www.nysd.uscourts.gov/sites/default/files/2021-03/Consent_Pro-Se_Eservice-form.pdf). Submission of the consent form is required to receive electronic service.

b. **Papers Filed by a *Pro Se* Party.** A *pro se* party may file papers with the Court by:

   i. delivering them in person to the *Pro Se* Office (address listed above);

   ii. mailing them to the *Pro Se* Office;

   iii. emailing them as an attachment in PDF format to Pro_Se_Filing@nysd.uscourts.gov, in which case the *pro se* party should follow the instructions contained in the April 1, 2020 Addendum to the Court's ECF Rules & Instructions, available at https://www.nysd.uscourts.gov/electronic-case-filing; or

   iv. filing them on the ECF System if the *pro se* party has filed a motion to participate in ECF (available at http://nysd.uscourts.gov/file/forms/motion-for-permission-for-electronic-case-filing-for-pro-se-cases and in the *Pro Se* Office) and been granted such permission by the Court.

c. **Service on a *Pro Se* Party.** Absent a *pro se* party consenting to receipt of electronic service, counsel in *pro se* cases must serve a *pro se* party with a paper copy of any document that is filed electronically and must file with the Court a separate Affidavit of Service. Submissions filed without proof of service that the *pro se* party was served will not be considered.

**3. Discovery**

a. **Requests for Discovery.** All requests for discovery by a *pro se* party should be sent to counsel for the party from whom discovery is sought. Discovery

requests should not be sent to the Court.

b. **Discovery Disputes.** If there are any discovery disputes, the parties are required to confer with one another in an effort to resolve the dispute without the need for Court intervention. If the parties are unable to resolve their dispute, either party may file a letter-motion, no longer than 1,050 words, explaining the nature of the dispute and requesting an informal conference. If the opposing party wishes to respond to the letter, it must file a responsive letter **within five business days**, not to exceed 1,050 words.

4. **Motions**

a. **Filing and Service.** Unless otherwise ordered by the Court, papers filed in opposition to a motion must be served and filed within 30 days of service of the motion papers, and reply papers, if any, must be served and filed within two weeks of receipt of opposition papers.

b. ***Pro Se* Notices.** Parties who file a motion to dismiss, a motion for judgment on the pleadings, or a motion for summary judgment must provide the *pro se* party with a copy of the notices required under Local Civil Rules 12.1 or 56.2.

c. **Copies of Briefs and Authority.** Parties filing any dispositive motions must provide incarcerated *pro se* parties with a copy of their supporting brief and copies of any caselaw or authority cited therein. The movant must also provide copies of the same upon request by non-incarcerated *pro se* parties.

d. **Generative AI**: Non-attorney *pro se* litigants are not prohibited from using generative artificial intelligence ("GAI") in filings or documents related to their cases. However, non-attorney *pro se* litigants are warned that GAI can generate legal citations that do not exist and other false information. Non-attorney *pro se* litigants are required, to the extent possible, to cross-check any information, including case citations, produced by GAI.

e. **Special Rules for Summary Judgment Motions.**

i. **Rule 56.1 Statements.** In cases with an incarcerated *pro se* party, a represented moving party shall mail their Rule 56.1 Statement, modified only to include extra spacing between each numbered paragraph, to the mailing address on the docket.

In general, opposing parties must individually admit, deny, or otherwise respond to each entry in the moving party's Rule 56.1 Statement and set out their response directly beneath each numbered paragraph. They may set out any additional facts alleged as numbered paragraphs below, beginning numbering where the moving party left off. Each statement

must be accompanied by a citation to the evidentiary record. Any statements not denied and opposed will be deemed facts that both parties agree upon by the Court.

The Court does not require a Joint Rule 56.1 Statement for cases involving a *pro se* party.

ii. **Deposition Transcripts.** Deposition transcripts that are supplied in connection with a summary judgment motion should be text-searchable if possible and include an index if it is available. Deposition transcripts must be supplied in whole and may not be excerpted. Parties should still cite to particular pages when relying on a deposition transcript for support.

f. **No Courtesy Copies.** Unless the Court orders otherwise, parties should **not** submit courtesy hard copies of any submissions in *pro se* cases.

5. **Conferences**

a. **Notice and Scheduling.** Notices scheduling a court conference will be docketed on ECF and mailed to the *pro se* party or parties. Conferences may be held remotely or in person. Unless ordered otherwise, in-person conferences will be held in Courtroom 320 of the Charles L. Brieant Jr. Federal Building and United States Courthouse, 300 Quarropas Street, White Plains, New York 10601-4150.

b. **Incarcerated Parties.** An incarcerated party may not be able to attend scheduled conferences but may be able to participate by telephone. If an incarcerated party is unable to participate by telephone, a family member or a representative may attend the conference. In such instances, the incarcerated party may write to the Court in advance of the conference regarding any issue the *pro se* party wishes to have addressed at the conference. If a representative is designated, he or she should contact the Clerk's Office at (212) 805-0136 to determine the location of the conference. The Court will also have a transcript of the conference sent to the incarcerated party. If an incarcerated party does not have counsel and a representative cannot attend a conference, the pro se party should write to the Judge regarding any issue the *pro se* party wishes to have addressed at the conference.

6. **Trial Documents**

a. **Pretrial Statement.** Unless otherwise ordered by the Court, within 30 days of the completion of all discovery or, if a summary judgment motion is filed, within 30 days of the Court's ruling on summary judgment, the plaintiff in a *pro se* case shall file a concise, written Pretrial Statement. This Statement need take no particular form, but it must contain the following: (1) a statement of the facts the

plaintiff hopes to prove at trial; (2) a list of all documents or other physical objects that the plaintiff plans to put into evidence at trial; and (3) a list of the names and addresses of all witnesses the plaintiff intends to have testify at trial. The Statement must be sworn by the plaintiff to be true and accurate based on the facts known by the plaintiff. If *pro se*, the plaintiff shall file an original of this Statement with the *Pro Se* Office. Two weeks after service of the plaintiff's Statement, the defendant must file and serve a similar Statement of its case containing the same information.

b. **Other Pretrial Filings.** If the case is to be tried before only a Judge without a jury, any parties represented by counsel must also file proposed findings of fact and conclusions of law at the time of filing the Pretrial Statement. If the case is to be tried before a jury, any parties represented by counsel must also file proposed *voir dire* questions, a proposed jury charge, and a proposed verdict form at the time of filing the Pretrial Statement. At the time of filing, a represented party should e-mail these documents to the Court (ClarkeNYSDChambers@nysd.uscourts.gov), in both .pdf and Microsoft Word formats. The *pro se* party may file such documents, but is not required to do so and need not submit them by e-mail.

7. **Resources for *Pro Se* Parties**

a. **Court Website.** *Pro se* parties are directed to the Court's website (https://www.nysd.uscourts.gov/prose/role-of-the-prose-intake-unit/contact) for other important information concerning proceeding *pro se* in this Court.

b. ***Pro Se* Legal Assistance.** There is a Federal *Pro Se* Legal Assistance Project in this District to assist non-incarcerated people who are parties in civil cases and do not have lawyers. The Clinic may be able to provide a non-incarcerated *pro se* litigant with advice in connection with his or her case. The Federal *Pro Se* Legal Assistance Project is run by a private organization called the City Bar Justice Center ("CBJC"); it is not part of, or run by, the Court (and, among other things, therefore cannot accept filings on behalf of the Court, which must still be made by any unrepresented party through the *Pro Se* Intake Unit). An unrepresented party can make an appointment with CBJC (https://www.citybarjusticecenter.org/projects/federal-pro-se-legal-assistance-project/) by completing an intake form online or via smartphone and selecting "federal court case"; by visiting the kiosk at the Courthouse; or by calling (212) 382-4794 and leaving a message.

JANUARY 2026

**INDIVIDUAL RULES AND PRACTICES IN CIVIL CASES**
**Jessica G. L. Clarke, United States District Judge**

**Chambers**
United States District Court
Southern District of New York
Charles L. Brieant Jr. Courthouse
300 Quarropas Street
White Plains, NY 10601
ClarkeNYSDChambers@nysd.uscourts.gov

**Courtroom**
300 Quarropas Street, Courtroom 320

**Courtroom Deputy**
Sophia Tran
(212) 805-0246

**Unless otherwise ordered by the Court, these Individual Rules apply to all civil matters before Judge Clarke.**

1. **Guidelines for All Submissions**

   a. **Electronic Case Filing ("ECF").** In accordance with the S.D.N.Y. Electronic Case Filing Rules and Instructions, except as otherwise expressly provided, all documents filed with the Court must be filed electronically.

   b. **Text-Searchable Submissions.** All written submissions and supporting materials must be text-searchable to the extent practicable.

   c. **Submission of Large Electronic Files.** The Court has a file transfer protocol for the safe electronic transmission of large files. If a party needs to submit large files by email (as opposed to ECF), the party should email the Court (at ClarkeNYSDChambers@nysd.uscourts.gov) requesting a link to be used for such transfer. The email should include the name and docket number of the case as well as the nature and size of the materials to be submitted electronically. The Government may use USAfx.

   d. **No Courtesy Copies.** Unless the Court orders otherwise, parties should not submit courtesy copies of any submissions.

   e. **Amended or Corrected Filings.** Any amended or corrected filing, including amendments as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1), shall be filed with a redline showing all differences between the original and revised filing. Any motion to amend a pleading shall similarly be filed with a redline showing all differences between the operative pleading and the proposed amended pleading.

   f. **Artificial Intelligence.** Any attorney using Generative Artificial Intelligence ("GAI") in connection with the filing of a pleading, motion, or paper in this Court or the serving/delivering of a request, response, or objection to discovery must

comply with Rule 11(b) and Rule 26(g) of the Federal Rules of Civil Procedure, and any other relevant rule, including all applicable ethical rules.

2. **Communications with Chambers**

a. **Letters and Letter-Motions.** Except as otherwise provided below, communications with Chambers shall be by letter filed on ECF. Letters seeking relief (if consistent with Local Civil Rule 7.1) should be filed as letter-motions on ECF, not ordinary letters. Any opposition shall be filed on ECF within **three business days** of the filing party's letter-motion. This provision does not alter the joint letter requirement for discovery disputes set forth in Individual Rule 4(k).

Letters may not exceed 1,050 words in length (exclusive of exhibits or attachments) without prior permission from the Court.

For any emails to Chambers permitted under these Rules, counsel should include in the subject line: (1) the case caption, (2) docket number and (3) a brief description of the party's request. Parties shall not include substantive communications in the body of the email, only in the attached letter.

Copies of correspondence between counsel shall not be sent to the Court or filed on ECF except as exhibits to an otherwise properly filed document.

b. **Telephone Calls.** Telephone calls to Chambers should be reserved for urgent matters. In such situations, call the Clerk's Office at (212) 805-0136. You may request to be transferred to Chambers from there.

c. **Faxes.** Faxes to Chambers are not permitted without express prior permission, and only in cases of unforeseeable emergencies.

d. **Hand Deliveries.** Hand-delivered mail should be left with the Court Security Officers at the Charles L. Brieant Jr. Courthouse, 300 Quarropas Street, White Plains, New York, NY 10601. If the hand-delivered letter is urgent and requires the Court's immediate attention, ask the Court Security Officers to notify Chambers that an urgent package has arrived that needs to be retrieved by Chambers staff immediately.

e. **Requests for Adjournments or Extensions of Time.** All requests for adjournments or extensions of time must be made in writing and filed on ECF as letter-motions in accordance with Section 2(a) of these Rules, not as ordinary letters. The letter-motion must state: (1) the original date and the new date requested; (2) the number of previous requests for adjournment or extension; (3) whether these previous requests were granted or denied; (4) the reason for the extension or adjournment; (5) whether the adversary consents and, if not, the reasons given by the adversary for refusal to consent; and (6) the date of the parties' next scheduled appearance before the Court.

If the parties are requesting an adjournment of a conference, they must also provide three mutually agreeable alternative conference dates. If the requested adjournment or extension affects any other scheduled dates, a proposed Amended Civil Case Management Plan and Scheduling Order must be attached.

Absent an emergency, any request for extension or adjournment shall be made as early as possible, and ***at least 48 hours*** prior to the deadline or scheduled appearance. Requests for extensions will ordinarily be denied if made after the expiration of the original deadline.

**f. Related Cases.** After an action has been accepted as related to a prior filing, all future court papers and correspondence must contain the docket number of the new filing as well as the docket number of the case to which it is related.

**3. Conferences**

**a. In Person Conferences.** Conferences may be held remotely or in person. Unless ordered otherwise, in person conferences will be held in Courtroom 320 of the Charles L. Brieant Jr. Courthouse, 300 Quarropas Street, White Plains, NY. This general rule also applies to cases designated to the Manhattan courthouse (cases with case numbers that start with "1:").

**b. Remote Conferences.** Absent permission of the Court, no more than one attorney shall speak on behalf of either party except as otherwise provided by Individual Rule 3(f).

**c. Initial Pretrial Conference.** The Notice of Initial Pretrial Conference, scheduling a Federal Rule of Civil Procedure 16 conference, will be filed on ECF. The Notice will direct the parties to file on ECF, approximately one week prior to the conference, a joint letter as well as a joint proposed Civil Case Management Plan and Scheduling Order attached as an exhibit to the joint letter. The parties shall use the form Proposed Case Management Plan and Scheduling Order available at the Court's website.

**i. Diversity Jurisdiction Cases.** In any action in which subject matter jurisdiction is founded on diversity of citizenship pursuant to 28 U.S.C. § 1332, the party asserting the existence of such jurisdiction shall, prior to the Initial Pretrial Conference, file a letter to the Court on ECF no longer than 700 words explaining the basis for that party's belief that diversity of citizenship exists. Where any party is a corporation, the letter shall state both the place of incorporation and the principal place of business. In cases where any party is a partnership, limited partnership, limited liability company or trust, the letter shall identify and state the citizenship of each of the entity's members, shareholders, partners and/or trustees.

d. **Post-Fact Discovery Joint Status Letter.** No later than one week after the close of fact discovery, counsel for all parties must meet for at least one hour to discuss settlement and file a joint letter updating the Court on the status of the case, including but not limited to, confirming that the one-hour settlement discussion occurred and stating whether all parties consent to mediation or a settlement conference to be held before the designated Magistrate Judge. The letter should not identify, explicitly or implicitly, any party that has declined to consent.

   In a case without expert discovery, the letter shall also set forth a proposed briefing schedule for any dispositive motions.

e. **Post-Expert Discovery Joint Status Letter.** No later than one week after the close of expert discovery, counsel for all parties must file a joint letter setting forth a proposed briefing schedule for any dispositive motions and motions to exclude testimony of experts pursuant to Federal Rules of Evidence 702–705 and the *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) line of cases.

f. **Participation by Junior or Less Experienced Attorneys.** The Court encourages the participation of junior attorneys and attorneys seeking additional experience in federal court, particularly where the attorneys played a substantial role in drafting the underlying filing or in preparing the relevant witness. To facilitate this provision, the Court is amenable to permitting more than one attorney to argue or present for one party.

g. **Authority Consistent with Proceeding.** All attorneys appearing before the Court must have authority to bind the party they represent consistent with the proceedings (for example, by agreeing to a discovery resolution or briefing schedule).

h. **Pronouns and Honorifics.** The parties and counsel are encouraged to advise the Court if they would like to be addressed with a particular pronoun and/or honorific – such as Ms., Mx. or Mr. – so that the Court may address them respectfully. People appearing before this Court may do so when appearing for conferences, hearings or trials by speaking to the courtroom deputy. All parties and counsel shall address each other in all written documents and court proceedings by pronouns and/or honorifics previously identified.

## 4. Motions

a. **Pre-Motion Letters and Conferences in Civil Cases.** Pre-motion letters and conferences are not required, except for disputes concerning discovery, which are governed by Section 4(k) of these Rules.

b. **Memoranda of Law.** Motion papers must conform to Local Civil Rule 11.1. Memoranda of law in support of and in opposition to motions are limited to 8,750

words and reply memoranda are limited to 3,500 words. Memoranda of 3,500 words or more shall contain a table of contents and table of authorities, neither of which shall count against the word limit. Surreply memoranda are not allowed (unless specifically permitted in extraordinary situations for good cause). This provision does not alter the word count limits for motions for reconsideration set forth in Local Civil Rule 6.3.

c. **Unpublished Cases.** The parties need not provide copies of unpublished cases if the case is available on Westlaw or LexisNexis.

d. **Oral Arguments on Motions.** The Court rarely holds oral argument. But a party may request oral argument on a motion by indicating "ORAL ARGUMENT REQUESTED" on the cover page of its memorandum of law. If a party believes that the Court would benefit from oral argument for a particular reason not obvious from the parties' briefing, the party may file a letter explaining the reason – not a letter-motion – on ECF. The Court will determine whether argument will be heard and, if so, advise counsel of the argument date.

e. **Motion to Dismiss and Amended Complaints.** If a motion to dismiss is filed, the non-moving party shall, within 10 days of receipt of the motion, notify the Court and its adversary by a letter filed on ECF whether (1) it intends to file an amended pleading and when it will do so; or (2) it will rely on the pleading being attacked. Non-moving parties are on notice that declining to amend their pleadings to respond to a fully briefed argument in the motion to dismiss may well constitute a waiver of their right to use the amendment process to cure any defects that have been made apparent by the briefing. This provision does not alter the time to file a response in the Federal Rules or the Local Civil Rules.

   If the non-moving party amends, the opposing party must, within 21 days of such amendment: (1) file an answer; (2) file a new motion to dismiss; or (3) file a letter stating that it relies on the initially filed motion to dismiss. If the moving party files an answer or a new motion to dismiss, the Court will deny the original motion to dismiss as moot.

   This provision does not alter the requirement to seek leave of the Court to file amended pleadings not as of right pursuant to Federal Rule of Civil Procedure 15.

f. **Summary Judgment Procedures**

   i. **Discouraged in Non-Jury Cases.** Summary judgment motions are discouraged in non-jury cases.

   ii. **Rule 56.1 Statements.** Any party represented by counsel that moves for summary judgment shall provide all other parties with an electronic copy, in a standard word processing format, of the moving party's Statement of Material Facts Pursuant to Local Civil Rule 56.1 ("Rule 56.1 Statement").

Opposing parties must reproduce each entry in the moving party's Rule 56.1 Statement and set out the opposing party's response directly beneath it. If the opposing party wishes to file their own, additional statements of material fact, it shall begin numbering each entry where the moving party left off.

To streamline the summary judgment briefing process, the Court requires the parties to also negotiate and submit, prior to or along with the movant's Rule 56.1 Statement, a joint Rule 56.1 Statement setting out all facts on which the parties agree.

Each factual assertion in Rule 56.1 Statements must be followed by a citation to the portion(s) of the evidentiary record relied upon. Each memorandum of law must include a statement of facts and may not simply incorporate by reference the entirety of a party's Rule 56.1 Statement.

iii. **Deposition Transcripts.** Deposition transcripts that are supplied in connection with a summary judgment motion, whether in whole or in part, should be text-searchable and include an index.

g. **Motions to Exclude Testimony of Experts.** Unless the Court orders otherwise, motions to exclude testimony of experts, pursuant to Federal Rules of Evidence 702–705 and the *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) line of cases, must be made by the deadline for dispositive motions and should not be treated as motions *in limine*.

h. **Default Judgment.** A party seeking a default judgment must proceed by filing a motion for default judgment on ECF pursuant to Federal Rule of Civil Procedure 55(b)(2) and Local Civil Rule 55.2(a)(2). A party seeking a default judgment should *not* proceed by order to show cause. The motion must be supported by the following papers:

1. A Certificate from the Clerk of Court stating that no answer has been filed (if failure to answer is the basis for the default);

2. a memorandum of law setting forth the basis and legal authority for:

    a. why each element of the causes of action has been satisfied and why default judgment should be entered;

    b. why service was proper;

    c. why an inquest into damages would be unnecessary;

d. whether, if the default is applicable to fewer than all of the defendants, the Court may appropriately order a default judgment on the issue of damages prior to resolution of the entire action; and

e. the proposed damages and the basis for each element of damages, including interest, attorney's fees and costs.

3. an affidavit or declaration setting forth:

a. the items specified in Local Civil Rule 55.2(a)(1);

b. a description of the method and date of service of the summons and complaint; and

c. the procedural history beyond service of the summons and complaint, if any.

4. a proposed default judgment.

The plaintiff must serve the motion for default judgment and supporting paperwork on the party against whom the default judgment is sought and file an affidavit of service on ECF within 14 days of filing the motion for default judgment. If more than 14 days are required to complete service of the motion for default judgment and supporting papers, the plaintiff should file a letter on ECF explaining why additional time is necessary and when the plaintiff anticipates service will be completed.

**i. Applications for a Temporary Restraining Order.** A party must confer with their adversary before making an application for a temporary restraining order unless the requirements of Federal Rule of Civil Procedure 65(b) are met. As soon as a party decides to seek a temporary restraining order, that party must file a letter on ECF (under seal if proceeding *ex parte*) and state clearly whether: (1) it has notified its adversary and whether the adversary consents to temporary injunctive relief; or (2) the requirements of Federal Rule of Civil Procedure 65(b) are satisfied and no notice is necessary.

The moving party must email ClarkeNYSDChambers@nysd.uscourts.gov giving notice of the filing and the time frame requested for Court action. The moving party should then file a Motion for a Temporary Restraining Order, supporting documents and a proposed order on ECF in accordance with ECF procedures. Where the motion is made on notice to the other parties, the moving party should simultaneously serve the documents on any party that will not receive electronic service via ECF. If the matter is time sensitive and Chambers does not respond within two hours, the movant may call the Clerk's Office before the end of the business day at (212) 805-0136. You may request to be transferred to Chambers from there.

If a party's adversary has been notified but does not consent to temporary injunctive relief, the party seeking a restraining order must file the application at a time mutually agreeable to it and the adversary, so that the Court may have the benefit of advocacy from both sides in deciding whether to grant temporary injunctive relief.

j. **Proposed Orders and Stipulations.** Proposed orders to show cause, temporary restraining orders, stipulations, consent orders and proposed judgments are to be filed electronically on ECF as explained in the SDNY Electronic Case Filing Rules and Instructions. Counsel should also email an electronic courtesy copy of any proposed order to Chambers, in both Microsoft Word and PDF formats.

k. **Discovery Disputes.** Parties must follow Local Civil Rule 37.2 with the following modifications. Any party wishing to raise a discovery dispute with the Court must first confer in good faith with the opposing party, in person, virtually or by telephone, in an effort to resolve the dispute. If this meet-and-confer process does not resolve the dispute, counsel shall promptly file on ECF a single letter-motion, jointly composed, no longer than 1,750 words, explaining the nature of the dispute and, if applicable, requesting an informal conference. Separate and successive letters will not be read. The letter must state (1) the position the parties started with at the beginning of the meet and confer; (2) each party's final proposed compromise; and (3) why the opposing side finds the compromise position insufficient. **Any letter-motion that fails to include this information will be denied.**

Strict adherence to Federal Rule of Civil Procedure 37(a)(1), the "meet and confer" rule, is required, and should be described in the joint submission as to time, place and duration, naming the counsel involved in the discussion. The joint letter shall set forth, with specificity, the requested discovery that each dispute involves and the respective position of each party, citing the applicable authority that the respective parties claim for support. If an opposing party refuses to participate in writing a joint letter or does not provide its portion of a joint letter within 72 hours of a party's request, a party may submit a letter without the opposing party's contribution and shall attach a copy of the correspondence seeking the opposing party's contribution.

The Court will seek to resolve discovery disputes quickly, by order (based on the letter alone) or in a conference. Counsel should seek relief in accordance with these procedures in a timely fashion; if a party waits until near the close of discovery to raise an issue that could have been raised earlier, the party is unlikely to be granted the relief that it seeks or more time for discovery.

5. **Redactions and Filing Under Seal.**

a. **Privacy Policy.** The parties are referred to Federal Rule of Civil Procedure 5.2 and the S.D.N.Y. ECF Privacy Policy ("Privacy Policy"). The parties should not include, unless necessary, the five categories of "sensitive information" in their submissions (*i.e.*, social security numbers, names of minor children [use the initials only], dates of birth [use the year only], financial account numbers and home addresses [use only the City and State]).

b. **Redactions Not Requiring Court Approval.** Without Court approval, parties may redact the five categories of "sensitive information" and the six categories of information requiring caution (*i.e.*, personal identifying number, medical records, treatment and diagnosis, employment history, individual financial information, proprietary or trade secret information and information regarding an individual's cooperation with the government), as described in the Privacy Policy.

c. **Redactions and Sealed Filings Requiring Court Approval.** Except for redactions permitted by the eleven categories of information identified in the Privacy Policy, *all redactions or sealing of public court filings require Court approval*. To be approved, any redaction or sealing of a court filing must be narrowly tailored to serve whatever purpose justifies the redaction or sealing and must otherwise be consistent with the presumption in favor of public access to judicial documents.

d. **Procedure for Filing Documents with Redactions.** Any party seeking to file a document with partial redactions must follow the following three steps:

   i. **Meet and Confer.** The party seeking leave to file redacted materials should meet and confer with any opposing party (or any third party seeking confidential treatment of the information) in advance to narrow the scope of the request. When a party seeks leave to file a document in redacted form on the ground that an opposing party or third party has requested it, the filing party shall notify the opposing party or third party that it must file on ECF, within *three business days* of the filing party's letter-motion seeking leave to file in redacted form, a letter explaining the need to redact the document.

   ii. **Filing a Letter-Motion Seeking Leave to File with Redactions.** If the party is seeking leave of the Court to redact the document (*i.e.*, if the redactions are not among the categories of redactions that can be made without Court approval), the party should simultaneously file on ECF a letter-motion seeking leave to file the document with those redactions in accordance with Standing Order 19-MC-583 and Section 6 of the S.D.N.Y. Electronic Case Filing Rules and Instructions. The letter-motion itself shall be filed in public view and should not include confidential information. The letter-motion must explain the purpose of the redactions, and why the redactions are consistent with the standards set forth in Section 5(c) above.

iii. **ECF Filing of Redacted Document(s).** At the same time, the party shall: (1) publicly file on ECF and electronically relate to the letter-motion a copy of the document with the proposed redactions; and (2) file under seal on ECF (with the appropriate level of restriction) and electronically relate to the motion an unredacted copy of the document with the proposed redactions highlighted.

e. **Procedure for Filing Sealed Documents.** Any party seeking to file a document under seal must follow the following three steps:

i. **Meet and Confer.** The party seeking leave to file sealed materials should meet and confer with any opposing party (or any third party seeking confidential treatment of the information) in advance to narrow the scope of the request. When a party seeks leave to file a document under seal on the ground that an opposing party or third party has requested it, the filing party shall notify the opposing party or third party that it must file on ECF, within *three business days* of the filing party's letter-motion seeking leave to file under seal, a letter explaining the need to seal the document.

ii. **Filing a Letter-Motion Seeking Leave to File Under Seal.** The party shall electronically file a letter-motion seeking leave to file a document under seal on ECF in accordance with Standing Order 19-MC-583 and Section 6 of the S.D.N.Y. Electronic Case Filing Rules and Instructions. The letter-motion itself shall be filed in public view, should explain the reasons for seeking to file the document under seal and should not include confidential information.

iii. **ECF Filing of Sealed Document(s).** The proposed sealed document(s) shall be separately and contemporaneously filed under seal on ECF (with the appropriate level of restriction) and electronically related to the motion (or to the relevant Court order, if the Court previously granted leave to file the document under seal). Note that the summary docket text, but not the document itself, will be open to public inspection and, thus, should not include confidential information sought to be filed under seal.

f. **Submission by Email.** Any party unable to comply with the requirement for electronic filing under seal on ECF, or who believes that a particular document should not be electronically filed at all, shall file a letter-motion by email, seeking leave of the Court to file in a different manner. Such letter-motions may be emailed to ClarkeNYSDChambers@nysd.uscourts.gov as text-searchable PDF attachments, with copies simultaneously delivered to all counsel. In the subject line, the cover email should state clearly: (1) the caption of the case, including the lead party names and docket number; and (2) a brief description of the nature of the request. Parties shall not include substantive communications in the body of the email. The letter-motion must explain why sealing or redaction is justified in light of the standards discussed in Section 5(c) above. If the party believes that the letter-motion itself should be sealed or redacted, the letter-motion should so state and should provide the justification therefor.

Unless otherwise ordered by the Court, letter-motions seeking leave to file in a different manner *shall not exceed 1,050 words*. The Court will include instructions for filing sealed or redacted versions of the document and accompanying letter-motion, if necessary, in any order disposing of the motion to seal.

If the Court grants leave to submit by email, the party should email to ClarkeNYSDChambers@nysd.uscourts.gov: (1) a clean (i.e., unredacted) copy of the document; (2) a copy of the document highlighting the information that has been redacted in the ECF filing; and (3) an unredacted copy of the letter-motion described in Rules 5(e)(iii)-(iv), should the party also be seeking leave to file that letter-motion with redactions or under seal.

g. **Opposition to Requests to Seal or Redact.** Any opposition shall be filed on ECF within *three business days* of the filing party's letter-motion seeking leave to file under seal or with redactions.

6. **Other Pretrial Guidance**

a. **Settlement Agreements.** As soon as the parties reach an agreement to settle, the parties must alert the Court by promptly filing a joint letter. The Court will not retain jurisdiction to enforce confidential settlement agreements. If the parties request that the Court retain jurisdiction to enforce the agreement, the parties must place the terms of their settlement agreement on the public record. The parties may request that the Court endorse the settlement agreement or include the terms of their settlement agreement in their stipulation of settlement and dismissal.

b. **Policy on Use of Electronic Devices.** Attorneys' use of personal electronic devices (including mobile phones) and general purpose computing devices (such as laptops and tablets) within the Courthouse and its environs is governed by Standing Order M10-468. When Court permission is required under the Standing Order, attorneys seeking to bring electronic devices to the Court should email a completed Model Court Order to ClarkeNYSDChambers@nysd.uscourts.gov no later than five business days before the relevant trial or hearing. Upon the Court's approval, Chambers will coordinate with the District Executive's Office to issue the order and forward a copy to counsel. The order must be presented upon bringing the electronic device(s) into the Courthouse. *If permitted by the Standing Order, mobile telephones are permitted inside the Courtroom, but they MUST be kept turned off at all times.*